# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JORGE CISNEROS-CUEVAS,<br><br>　　　　　　　　　Defendant. | Case No. 15-cr-1837-BAS<br>　　　　　 16-cv-1741-BAS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255**<br><br>[ECF No. 34] |

　　　Defendant Jorge Cisneros-Cuevas' motion to vacate presents the question of whether his prior felony conviction for assault with great bodily injury, pursuant to California Penal Code §§ 245(a)(1) and 12022.7, constitutes a "crime of violence" under the Federal Sentencing Guidelines provision governing sentences for unlawful reentry into the United States. U.S.S.G. § 2L1.2 (2002).

　　　Because the Court finds Defendant waived his right to collaterally attack his sentence and procedurally defaulted the issue, the Court **DENIES** the motion to vacate. (ECF No. 34.) Furthermore, the Court finds *Johnson v. United States*, 135 S. Ct. 2552 (2015) inapplicable to Defendant's situation.

## I. BACKGROUND

On June 16, 2015, Defendant was arrested for attempted reentry after deportation in violation of 8 U.S.C. § 1326. (ECF No. 1.) On July 30, 2015, Defendant pled guilty pursuant to a plea agreement. (ECF Nos. 14, 15.)

Pursuant to the "Pre-Indictment Fast Track Program" plea, the Government agreed to recommend a -2 departure for "fast track" pursuant to U.S.S.G. § 5K3.1. (Plea Agreement § X(A).) In exchange, Defendant waived "to the full extent of the law" any right to appeal or collaterally attack the conviction or sentence, if the Court imposed a custodial sentence below the high end of the guideline range recommended by the Government pursuant to the plea agreement. (Plea Agreement § XI.)

On May 24, 2016, the Court calculated Defendant's guideline range, adding +16 under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for a prior "crime of violence" because Defendant had been convicted of assault with great bodily injury pursuant to California Penal Code § 245(a)(1), with an enhancement for personally inflicting great bodily injury on the person of another under California Penal Code § 12022.7.[1] The Court then sentenced Defendant to 57 months in custody, which was below the high end of the guideline range recommended by the Government pursuant to the plea agreement. (ECF No. 33.) Defendant neither objected to the 16-point enhancement at the time of sentencing, nor appealed the conviction or sentence.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal court may vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

---

[1] Defendant also had three prior convictions for felony illegal entry: one for which he was sentenced to 24 months, the second for which he was sentenced to 30 months, and the third for which he was sentenced to 48 months. (ECF No. 21.)

authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings "[t]he judge who receives the motion must promptly examine it[,]" and "[i]f it plainly appears from the motion, any attached exhibits, and the records from the prior proceedings that the [defendant] is not entitled to relief the judge must dismiss the action and direct the clerk to notify the moving party."

To warrant relief, the defendant must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.") Relief is warranted only where a defendant has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974); *see also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

III. DISCUSSION

A. Waiver of Appeal

A plea agreement in which a defendant relinquishes his right to seek relief, direct or collateral, from his conviction or sentence is enforceable. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). "The fact that [a defendant] did not foresee the specific issue that he now seeks to appeal does not place the issue outside the scope of the waiver." *United States v. Johnson*, 67 F.3d 200, 202 (9th Cir. 1995).

In this case, Defendant agreed to waive his right to attack the conviction or sentence if the Court imposed a sentence contemplated by the plea agreement. (*See* Plea Agreement ¶ XI.) The Court did so. Thus, Defendant has waived his right to file this collateral attack on his sentence.

//

### B. Procedural Default

Claims that should have been raised on appeal, but were not, are procedurally defaulted. *See United States v. Bousley*, 523 U.S. 614, 621-22 (1998) ("Habeas review is an extraordinary remedy and 'will not be allowed to service for an appeal.'"). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is 'actually innocent.'" *Id.* at 622 (citations omitted).

In this case, Defendant does not argue that he is actually innocent. Instead, he argues that his sentence was unconstitutional pursuant to *Johnson v. United States*, 135 S. Ct. 2552 (2015), a case that was decided before Defendant pled guilty in this case. He failed to raise the issue in his negotiated plea agreement. He failed to raise the issue at sentencing and he failed to raise the issue on appeal. Defendant provides no cause for this failure. Thus, the issue is procedurally defaulted. Furthermore, as discussed below, he cannot show actual prejudice from this failure.

### C. Merits

Defendant argues that the increase of his guideline range 16 points because of his prior "crime of violence" is unconstitutional after *Johnson v. United States*, 135 S. Ct. 2552 (2015). In *Johnson*, the Supreme Court found that the "residual clause" of the Armed Career Criminal Act, which enhanced a sentence if a defendant had a prior conviction for a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" was unconstitutionally vague.

In *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), the Ninth Circuit extended this holding to find the definition of "aggravated felony" in 18 U.S.C. § 16(b) to also be unconstitutionally vague. In the context of an immigration hearing, a non-citizen was removable if he had a prior "aggravated felony" defined, in part, as an offense that "by its nature, involves a substantial risk that physical force against the person

or property of another may be used in the course of committing the offense." 18 U.S.C. §16(b). Like the statute in *Johnson*, the Ninth Circuit found this definition "combine[d] indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a crime of violence." *Dimaya*, 803 F.3d at 1117 (internal quotation marks omitted).

Unlike the two statutes discussed above, the Guidelines section applied in this case required no such calculation of risk. Section 2L1.2(b)(1)(A) enhances a defendant's sentence 16 points if he has a prior conviction for a "crime of violence," which is defined as an "aggravated assault . . . or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2(b)(1), Application Notes 2 (2002). The Guidelines enhancement does not require a court or defendant to speculate as to whether the prior conviction poses "a serious potential risk of physical injury" or "involves a substantial risk that physical force . . . may be used."

This court, in *Rodriguez v. United States*, No. 16-cv-1052-JM, 15-cr-1292-JM, 2016 WL 6124501 (S.D. Cal. Oct. 20, 2016), dealt with this exact issue. The *Rodriguez* Court concluded that "the ACCA definition of 'violent felony' is not sufficiently analogous to the provision in § 2L1.2(b)(1)(A) to support a finding that the 16-level enhancement provision is unconstitutionally vague." *Id.* at *2. The court concluded that, since the petitioner's conviction for assault by means likely to produce great bodily injury in violation of California Penal Code § 245(a)(1) is enumerated as a crime of violence in the Application Notes to § 2L1.2, "it does not raise the same vagueness issues as in *Johnson* [or *Dimaya*]." *Id.* at *3.

Defendant's conviction for "assault with great bodily injury" under California Penal Code § 245(a)(1) is an "aggravated assault" which is an enumerated offense under the "crime of violence" definition. A conviction under California Penal Code §§ 245(a)(1) and 12022.7 also required that Defendant "commit[] an assault upon the person of another with a deadly weapon or instrument other than a firearm" and that

Defendant "personally inflict[ed] great bodily injury" on another during this assault. Therefore, the conviction had, as an element, the "use of physical force against the person of another." Thus, the prior conviction was a "crime of violence" under § 2L1.2(b)(1). For the reasons stated in *Rodriguez,* this conclusion does not run afoul of *Johnson* or *Dimaya*.

## IV.   CONCLUSION & ORDER

Because this Court finds *Johnson v. United States*, 135 S. Ct. 2552 (2015), is inapplicable to Defendant's circumstances, and because Defendant waived his right to appeal or collaterally attack his sentence and procedurally defaulted the issue by failing to appeal, the Court **DENIES** Defendant's motion to vacate. (ECF No. 34.) Because reasonable jurists would not find the Court's assessment of the claims debatable or wrong, the Court **DECLINES** to issue Defendant a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

DATED:  January 31, 2017

Hon. Cynthia Bashant
United States District Judge